IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRENDA SCOTT, HEIR AT LAW AND AS
ADMINISTRATOR OF THE ESTATE OF
L.B. WILLIAMS, DECEASED;
CELESTINE WILLIAMS, HEIR AT LAW;
WILLIE JEAN DIALLO, HEIR AT LAW;
JIMMY MULDROW, HEIR AT LAW,
CARLA GILL, HEIR AT LAW; AND
ELIJAH WILLIAMS, HEIR AT LAW                                                PLAINTIFFS


VS.                                    CASE NO. 06-CV-4057


UNION PACIFIC RAILROAD COMPANY,
N.E.S. TRAFFIC SAFETY, L.P., A/K/A
ADVANCED WARNINGS, INC., AND
JOHN BUTLER, JR.                                                             DEFENDANTS

## ORDER

Before the Court is separate Defendant John Butler, Jr.'s Motion to Dismiss Complaint. (Doc. 9-1). Pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5), Butler seeks dismissal of the above-styled and numbered case for lack of jurisdiction and insufficient service of process. Plaintiffs have responded. (Doc. 21-1). Butler has replied to Plaintiffs' response. (Doc. 22). Plaintiffs filed a surreply to Butler's reply. (Doc. 24-1)  This matter is ripe for consideration.

### I. BACKGROUND

Plaintiffs filed their original complaint against Defendant John Butler, Jr., and the other defendants in this matter in the Lafayette County Circuit Court, Arkansas, on July 3, 2006. On July 21, 2006, the matter was removed to this Court. During the month of July 2006, Plaintiffs made two unsuccessful attempts to serve Butler by mail. On August 5, 2006, Plaintiffs contacted

Owens Investigations about locating Butler. On August 28, 2006, Donald Wells, an employee of Owens Investigations, hand-delivered to Butler at his residence in Bowie County, Texas, the summons in the state action. On September 15, 2006, Butler moved to dismiss the action against him for lack of subject matter jurisdiction and insufficient service of process.

## II. DISCUSSION

Service of process after a case has been removed from state court to federal court is controlled by 28 U.S.C § 1448, which reads as follows:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

In other words, § 1448 allows for the completion of state service of process after removal if one or more of the defendants have not yet been served with process or if state process has not yet been perfected prior to the removal. *See* 28 U.S.C. § 1448.

Here, Butler had not yet been served with process when the case against him was removed to this Court. Thus, Plaintiffs had the option of completing service of process upon Butler according to the Arkansas Rules of Civil Procedure or commencing new service pursuant to Fed. R. Civ. P. 4. *See id*. Plaintiffs opted to complete the state service of process as set out in Ark. R. Civ. P. 4.

Arkansas Rule of Civil Procedure 4(c) authorizes the following persons to serve summons: (1) a sheriff of the county where the service is to be made, (2) any person not less than eighteen years of age appointed for the purpose of serving summons of either the court in which the action is filed or in a court in the county in which service is to be made, or (3) any

person authorized to serve process under the law of a place outside of Arkansas where service is to be made.[1]  Rule 4(e) of the Arkansas Rules of Civil Procedure states that whenever Arkansas law authorizes service outside of Arkansas, the service, when reasonably calculated to give notice, may be made (1) by personal delivery in the same manner prescribed for service within Arkansas or (2) in any manner prescribed by the law of the place in which service is made.[2]

Butler asserts that the service of the summons upon him was improper, as it did not comply with Ark. R. Civ. P. 4(c)(3) and 4(e)(2), which, in this case, requires compliance with Texas Rule of Civil Procedure 103.  According to Rule 4 of the Arkansas Rules of Civil Procedure, any person authorized to serve process under Texas law is a proper person to serve Butler.  Thus, service of process upon Butler was proper if Wells, the server in this case, was authorized under Texas law to do so.

Turning now to the issue of whether Texas law authorized Wells to serve process, this Court reviews Texas Rule of Civil Procedure 103(3), which provides that process may be served by any person who is certified by the Texas Supreme Court.  In an affidavit presented to this Court, Wells has affirmed that he has been certified as a process server by the Texas Supreme Court since July 2005 and that his certification expires on July 1, 2008.  (Doc. 24-2)  Wells has also provided his Texas Supreme Court certification number.  (Doc. 24-2).  This Court is satisfied by this proof that Wells is certified by the Texas Supreme Court to serve process.  Thus,

---

[1]Arkansas Civil Procedure Rule 4(c) also allows the plaintiff or plaintiff's attorney of record to serve the summons by mail.  Service by mail is not at issue in this matter because Wells hand delivered the summons to Butler.

[2]Arkansas Civil Procedure Rule 4(e) also provides for service by mail, foreign authority, or by court order, none of which instances are applicable in the present case.

according to Ark. R. Civ. P. 4(c)(3) and 4(e)(2), Wells was authorized to serve process upon Butler. Therefore, the service of process was proper, and this Court has jurisdiction over the person of John Butler, Jr.

### III. CONCLUSION

Accordingly, for reasons discussed herein and above, the Defendant's Motion to Dismiss should be and hereby is **denied**.

IT IS SO ORDERED, this 25th day of January 2007.

                                                      /s/ Harry F. Barnes

                                                     Hon. Harry F. Barnes
                                                     United States District Judge